UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | No. CR-08-00658 PJH |
| ) | |
| v. ) | |
| ) | **DETENTION ORDER** |
| MILLARD CHAMBERS, ) | |
| ) | |
| Defendant(s). ) | |

The government's motion to detain the defendant, Millard Chambers, came before the court on November 10, 2008. Defendant was present in custody and represented by Douglas A. Rappaport. Assistant United States Attorney Kirstin M. Ault appeared for the United States. Based on written submissions of the defendant and the United States, information proffered by both parties at the detention hearing, a report prepared by Pretrial Services, as well as several letters submitted by friends and family members of the defendant, I find as follows:

    1. The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth four factors which the Court must consider in

determining whether pretrial detention is warranted. These factors are: the nature and seriousness of the offense charged; the weight of the evidence against the person; the history and characteristics of the person, including character, employment, family, and criminal history; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

2. In this case, the grand jury has found probable cause to believe that the defendant has violated 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, which are controlled substance offenses carrying a maximum penalty of life in prison. Thus, the defendant is presumed to be both a risk of non-appearance and a danger to the community unless he provides sufficient evidence to rebut that presumption. 18 U.S.C. § 3142(e). Defendant has dispelled neither presumption.

3. Defendant faces a maximum of life imprisonment and a mandatory minimum of 10 years of imprisonment. This alone gives him a strong incentive to flee.

4. The defendant, has substantial ties to the community and strong family support. Approximately 30-40 friends and family members attended the November 10 hearing to show their support. In addition, I reviewed approximately one dozen letters from the defendant's friends expressing their good opinion of the defendant and their support.

5. On the other hand, defendant's employment history is weak. The Pretrial Services report reflects that the defendant works approximately 4 hours per week, and the

1  government has asserted that he has earned only $1,000 from
2  his employment during the past year.  Yet defendant reported
3  $28,000 in personal property, including a car.  In addition,
4  approximately $50,000 in cash was found in the residence of
5  the defendant's wife.  These facts lead to the inference that
6  the defendant is living beyond his means and that he has
7  access to income that has not come from legitimate employment
8  and may be used to finance flight.

9      6.  Defendant was recently convicted of identity theft,
10 suggesting that he has the ability to assume a false identity.
11 The government proffered that the defendant was aware that a
12 warrant was outstanding for his arrest and that he failed to
13 surrender, despite representations by his counsel that he
14 intended to do so.  While the facts surrounding the
15 defendant's failure to surrender are contested, it is
16 undisputed that defendant apparently became aware of the
17 outstanding warrant on November 10, 2008, did not self-
18 surrender, and was arrested by agents on November 17, 2008.

19     8.  Defendant's mother offered to post her home with a
20 value of $50-100,000, as security for the defendant's release.
21 However, based on the facts outlined above, that security does
22 not dispel the presumption that he presents a risk of flight.

23     7.  The nature of the charges against the defendant and
24 evidence proffered by the government suggest that he is a
25 danger to the community.  Defendant has three prior drug
26 trafficking convictions.  One was a federal conviction for
27 cocaine distribution, the same offense with which the
28 defendant is charged in this case, which resulted in a

3

1  sentence of 10 years of imprisonment.  While all three
2  convictions were sustained in the late 1980's and early
3  1990's, they represent a lengthy history of drug trafficking
4  that has led up to the present charges.  The charges in this
5  case, thus, represent a continuation of the defendant's prior
6  criminal history and the continuing course of the defendant's
7  criminal conduct is of serious concern to the Court.
8       9.   After a period during which he had no contact with
9  law enforcement, the defendant suffered a felony identity
10 theft conviction in 2007, for which he was on probation when
11 he committed the offenses charged in the indictment.
12      10.  The defendant's history of committing offenses while
13 on probation also demonstrates that he is not amenable to
14 court supervision and that he is unlikely to abide by
15 conditions of release fixed by this Court.  The Court notes
16 that the defendant committed two of the drug trafficking
17 offenses while on probation for an earlier narcotics-related
18 offense, and that the defendant was on probation for a 2007
19 identity theft conviction when he is alleged to have committed
20 the crimes charged in this case.
21      11.  While the facts of the offense are the least
22 important to this determination, I cannot ignore that the
23 government's evidence seems very strong, and includes recorded
24 information.
25      12.  For the reasons set forth above, the Court finds
26 that the defendant has not rebutted the presumption
27 established by 18 U.S.C. § 3142(e) that he is both a risk of
28 flight and a danger to the community.  The Court concludes by

4

1  a preponderance of the evidence that the defendant poses a
2  risk of flight and by clear and convincing evidence that he is
3  a danger to the community.  The Court finds that there are no
4  conditions or combination of conditions that will reasonably
5  assure the defendant's appearance or the safety of the
6  community.
7     Accordingly, the Government's motion to detain defendant
8  is **GRANTED. IT IS HEREBY ORDERED** that:
9     (1) The defendant be, and hereby is, committed to
10 the custody of the Attorney General for confinement in a
11 corrections facility separate, to the extent practicable, from
12 persons awaiting or serving sentences or being held in custody
13 pending appeal;
14    (2) The defendant be afforded reasonable opportunity
15 for private consultation with his counsel; and
16    (3) On order of a court of the United States or on
17 request of an attorney for the government, the person in
18 charge of the corrections facility in which the defendant is
19 confined shall deliver the defendant to an authorized Deputy
20 United States Marshal for the purpose of any appearance in
21 connection with a court proceeding.
22 Dated: November 12, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2008\CHAMBERSDETENTION ORDER.wpd

5