UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 08-cr-00658-PJH-4 |
|---|---|
| Plaintiff/Respondent, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| MILLARD P. CHAMBERS, | Re: Dkt. No. 404, 407 |
| Defendant/Movant. | |

Before the court is the represented motion of defendant Millard P. Chambers for reduction of sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Defendant initially filed a pro se letter regarding compassionate release, after which counsel entered an appearance and filed a motion for compassionate release. See Dkt. 404, 407. The government filed an opposition to the motion, and counsel for defendant filed a reply. See Dkt. 411, 413. The Probation Office also filed a response to the compassionate release motion. See Dkt. 410. Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

I.     **BACKGROUND**

On September 29, 2008, defendant was charged with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 846, one count of attempted possession with intent to distribute cocaine in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C.

§ 841(a).  See Dkt. 407 at 2.  Defendant was charged along with five co-defendants.  Id.

On March 18, 2010, a superseding indictment was filed, naming only Chambers, as the other co-defendants had pled guilty.  See Dkt. 208, Dkt. 407 at 3.  The superseding indictment charged Chambers with the same three counts: one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 846, one count of attempted possession with intent to distribute cocaine in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a).  Id.  The government also filed an information pursuant to 21 U.S.C. § 851, alleging that Chambers had been previously convicted of a drug trafficking offense and was subject to a mandatory minimum sentence of 20 years imprisonment if convicted.  See Dkt. 210.

In December 2010, defendant was tried before a jury.  See Dkt. 407 at 3.  On December 21, 2010, the jury found defendant guilty of all three counts charged in the indictment.  See Dkt. 298, Dkt. 407 at 3.  Sentencing was set for March 16, 2011.  See Dkt. 328.

Prior to sentencing, the government filed a sentencing memorandum stating that it "agrees with the probation officer's assessment that a 324-month sentence is sufficient, but not greater than necessary, to achieve the aims of punishment, deterrence, and rehabilitation outlined in 18 U.S.C. § 3553(a)."  Dkt. 332 at 1.  The government further stated that it "agrees with the probation officer's calculation of the Guidelines range," which was between 324 and 405 months.  See id. at 3, 6.

Defendant's counsel filed a sentencing memorandum arguing that the Guidelines range calculation should be lower, but acknowledging that "Mr. Chambers must already be sentenced to no less than 20 years in prison" due to statutory mandatory minimum sentence requirements.  Dkt. 330 at 5.  Defendant's counsel thus asked the court to impose no more than the mandatory minimum sentence of 20 years, or 240 months.  Id.

The court imposed a sentence of 20 years imprisonment on each count, to run concurrently, followed by ten years of supervised release.  See Dkt. 335, 336.

Defendant appealed.  The Ninth Circuit affirmed this court's decisions regarding jury selection and defendant's earlier motion to suppress, but noted that, during the course of the appeal, the parties had agreed that attempted possession of cocaine is a lesser-included offense of actual possession of the same cocaine.  See Dkt. 383 at 4.  Because the double-jeopardy prohibition prevents conviction for both an offense and its lesser-included offense, and because defendant was convicted of both attempted and actual possession of the same cocaine, the Ninth Circuit remanded the case with instructions to vacate one of the counts.  Id.

This court then entered an amended judgment, vacating the conviction on the count of attempted possession with intent to distribute cocaine in violation of 21 U.S.C. § 846.  Dkt. 389.  Because defendant was sentenced concurrently for each offense, his underlying sentence of 20 years imprisonment was not affected.

Defendant is presently in the custody of the Bureau of Prisons ("BOP") at FCI Herlong.  Defendant has served approximately 156 months of his sentence, and has credit for good conduct time of approximately 20 months.  Dkt. 411 at 2.  Defendant has approximately 50 months remaining on his prison term, based on a projected release date of December 12, 2025.  Id.  Defendant now seeks a reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) based on his "health status, his family situation, and the change in the sentencing laws."  See Dkt. 407 at 6.

**II.    DISCUSSION**

    **A.    Legal Standard**

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).  The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting

administrative remedies or waiting 30 days after the warden's receipt of a request.  See United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019).  Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B.      Requirements for Relief

As applicable to defendant's motion, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after also considering the applicable § 3553(a) factors.[1]

As mentioned above, before the First Step Act, only the BOP director could file a motion for compassionate release.  Those motions were governed by the applicable policy statement at United States Sentencing Guideline § 1B1.13.  Indeed, the opening language of § 1B1.13 is: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A)." (emphasis added).  The policy statement then set forth the test for courts to apply when ruling on those motions, including a determination that extraordinary and compelling reasons warranted the reduction, and that the defendant is not a danger to public safety.  The policy statement included commentary with application notes, which set forth specific circumstances that would qualify as "extraordinary and compelling" based on the defendant's (1) medical condition, (2) age, or (3) family circumstances.  U.S.S.G. § 1B1.13, cmt. n.1.

---

[1] As a threshold matter, the government concedes that defendant has met the administrative exhaustion requirement for purposes of this motion.  See Dkt. 411 at 3.

When the First Step Act amended section 3582, it was unclear whether § 1B1.13 remained an "applicable" policy statement. At first, many courts, including this one, found that § 1B1.13 was applicable even to defendant-filed motions. See, e.g., United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. 2020). However, numerous circuit courts, including the Ninth Circuit, have now concluded that the current version of § 1B1.13 "is not an applicable policy statement" for defendant-filed motions for compassionate release. See United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021); see also United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); United States v. McCoy, 981 F.3d 271 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020).

While the § 1B1.13 policy statement is no longer binding, it may still "inform a district court's discretion" for what constitutes extraordinary and compelling reasons warranting release. See Aruda, 993 F.3d at 802.

### 1. Extraordinary and Compelling Reasons

Although section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances," the application notes to the § 1B1.13 policy statement identify three sets of such circumstances: "medical condition of the defendant," "age of the defendant," and "family circumstances." U.S.S.G. § 1B1.13, cmt. n.1. As discussed above, because the policy statement is not binding, courts may consider those identified circumstances, but are not bound by them.

Defendant's first argument is that his health status constitutes extraordinary and compelling circumstances warranting release. The § 1B1.13 policy statement does identify the "medical condition of the defendant" as a type of extraordinary and compelling circumstance. Specifically, the policy statement defines physical or medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). Again, while the policy statement is no longer binding, the court does find it persuasive.

Defendant argues that he has "underlying medical conditions that place him at a heightened risk of becoming severely ill or dying from COVID-19, which include being a black male with a history of being treated for hypertension." Dkt. 407 at 8. Defendant provides medical records from April 2021 indicating hypertension, which is listed by the Centers for Disease Control ("CDC") as a condition that possibly increases the risk of severe illness resulting from COVID-19. Id. Defendant further points out that he is 57 years old, and cites CDC statistics finding that more than 95% of COVID-19 deaths occur in people older than 45. Id.

The government responds by citing further medical records showing that defendant was initially diagnosed with elevated blood pressure without hypertension in September 2012, that his blood pressure was subsequently tested one to three times every year, that his February 2021 blood pressure readings were higher than normal resulting in a diagnosis of hypertension, and that his blood pressure readings returned to below-hypertension levels by the time of his next reading in April 2021. See Dkt. 411 at 3-4. The government then argues that, "[t]o the extent that the defendant has hypertension, it does not appear to be severe." Dkt. 411 at 15. The government further argues out that the CDC has stated only that hypertension "possibly" can make a person more prone to severe illness from COVID-19. Id.

The government also argues that vaccination precludes defendant's eligibility for compassionate release. The government first points out that defendant initially refused a COVID-19 vaccine in January 2021, and courts have held that a vaccine refusal weighs against compassionate release because any health risk "is self-incurred." See Dkt. 411 at 15 (citing United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021)).

The government then notes that defendant has since agreed to be vaccinated, and

received his first dose of the Moderna vaccine in August 2021.[2]  See Dkt. 411 at 11.  The government argues that courts "routinely deny relief to an inmate who has been vaccinated" because "vaccines permit effective self-care against severe illness or death that may be caused by the coronavirus."  Id. at 11-12.  The government further acknowledges that "the scientific consensus may shift if, for example, the efficacy of the vaccines changes over time, or variants emerge that bypass the vaccines," but cites cases making clear that defendants are "free to renew" their motions "should more information emerge suggesting that the [] vaccine cannot protect him from new imminent strains of COVID-19."  Id. at 14.

The court concludes that defendant's health status does not constitute extraordinary and compelling circumstances warranting release.  While the COVID-19 vaccines may not provide absolute protection against all infections, the evidence so far shows that they do provide significant protection against severe illness and death resulting from the coronavirus.  See, e.g., United States v. Gibbs, 2021 WL 3929727 (E.D. Pa. Sept. 2, 2021); United States v. Meza-Orozco, 2021 WL 3630519 (W.D. Wash. Aug. 17, 2021).  In addition, defendant's most recent medical records indicate that his blood pressure is no longer in the range of hypertension.

Defendant's motion briefly mentions two other possible bases for finding extraordinary and compelling circumstances: his family situation and the change in federal sentencing laws.  The government chose not to address these grounds.  With regard to his family situation, defendant argues that the mother of his daughter is having health issues, and that she has had brain and spinal surgery and is having increasing difficulty caring for their daughter.  Dkt. 407 at 13.

While the § 1B1.13 policy statement note does identify "family circumstances" as a type of extraordinary and compelling circumstance warranting release, it defines such circumstances as "the death or incapacitation of the caregiver of defendant's minor child"

---

[2] Defendant's reply brief indicates that defendant has also received his second dose of the Moderna vaccine.  Dkt. 413 at 6.

7

or other similar circumstances.  See U.S.S.G. § 1B1.13, cmt. n.1(C).  Although the policy statement is not binding, the court finds it persuasive in this context, and concludes that defendant's family circumstances do not constitute extraordinary and compelling circumstances warranting release.

Defendant's final argument is that the change in federal sentencing laws are extraordinary and compelling circumstances warranting release.  Defendant cites to a January 2021 action by the Acting Attorney General reinstating a previous policy of having prosecutors conduct an "individualized assessment of the extent to which particular charges fit the specific circumstances of the case, are consistent with the purpose of the federal criminal code, and maximize the impact of federal resources on crime."  Dkt. 407 at 12-13.  Defendant then points out that "the sentencing law for [his] offense now limits the mandatory minimum sentence to 15 years, not 20 years."  Id. at 13 (citing 21 U.S.C. § 841(b)(1)(A)(ii)).  Defendant thus argues that "if [he] were facing the same criminal charges today, he would not be facing a 20 year mandatory minimum sentence.  He would only be facing a 15 year mandatory minimum sentence, and perhaps only 10 years if the government today decided not to file the penalty enhancement."  Dkt. 407 at 13.  Defendant "acknowledges that the change in the sentencing law is not retroactive," but argues that the court "can take into account the change in the law when weighing all the factors here."  Dkt. 407 at 13.

To the extent that the change in sentencing laws is relevant to the present motion for compassionate release, it is relevant only in the context of applying the sentencing factors of 18 U.S.C. § 3553(a), not in the context of the separate inquiry as to whether there are extraordinary and compelling circumstances warranting release.  Defendant cites no contrary authority.  Accordingly, the court concludes that the change in sentencing laws does not constitute an extraordinary or compelling circumstance warranting release.

Having already concluded that none of the three circumstances identified by defendant are sufficiently extraordinary and compelling to warrant release, the court now

also concludes that, even considering the totality of the circumstances, defendant has not established that there are extraordinary and compelling circumstances warranting release.  For that reason alone, defendant's motion for compassionate release is DENIED.

The court further notes that, even if the court were to find that the totality of the circumstances presented by defendant were sufficiently extraordinary and compelling to warrant release, his motion would still be denied due to the court's consideration of the § 3553(a) sentencing factors, described as follows.

### 2. Section 3553(a) Factors

Having considered the applicable § 3553(a) factors, the court further finds that a reduction of defendant's sentence would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, or to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  See 18 U.S.C. § 3553(a)(2)(A)–(C).

As mentioned above, the Guidelines range for defendant's offenses was between 324 and 405 months, which was considerably higher than defendant's ultimate sentence of 240 months.  If defendant's motion were to be granted, and his sentence reduced to time served, it would result in a reduction of sentence to approximately 156 months, or 176 months including good time credits.  Simply put, a sentence of 156 months (or even 176 months) for a defendant facing a Guidelines range of 324 to 405 months would create an unwarranted disparity among defendants with similar records who have been found guilty of similar conduct.  Such a reduction in sentence would also not afford adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  Moreover, to the extent that defendant cites changes in federal sentencing laws, defendant also acknowledges that those changes do not have retroactive application to defendant's sentence.

On balance, the court finds that the relevant § 3553(a) factors do not support

defendant's request for a reduction in sentence. Thus, even if defendant had shown extraordinary and compelling circumstances warranting release, his motion must still be denied.

### III. CONCLUSION

For the reasons set forth above, the motion for reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) (Dkt. 404, 407) is DENIED.

The government has also filed a motion to seal exhibits that include medical information and personally identifying information. See Dkt. 412. Defendant's motion to seal is GRANTED.

**IT IS SO ORDERED.**

Dated: October 25, 2021

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge